IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN, and
IGNACIA KIRVEN,

    Plaintiffs,

vs.                                                                          No. CV 16-01333 RB/GJF

SGT. GARCIA, and
CURRY COUNTY DETENTION,
    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915, Fed. R. Civ. P. 12(b)(6), and Fed.R.Civ.P. 41(b) on the Complaint for Violation of Civil Rights (Prisoner Complaint) filed by Loydale Kirven and Ignacia Kirven on December 5, 2016. (Doc. 1) ("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with the Court's December 22, 2016 Order, for failure to prosecute, and for failure to state a claim on which relief can be granted.

Plaintiffs, Loydale Kirven and Ignacia Kirven, filed their Complaint for Violation of Civil Rights on December 5, 2016. (Doc. 1). The allegations of the Complaint indicate that Loydale Kirven is a prisoner incarcerated at the Curry County Detention Center. (Doc. 1 at 2). Loydale Kirven alleges that his civil rights were violated when Curry County Detention officials read and/or took certain family pictures and mail. (Doc. 1 at 3-6). The Complaint contains no allegations relating to Plaintiff Ignacia Kirven.

Plaintiffs did not pay the $400 filing fee for this civil proceeding. Instead, Plaintiff Loydale Kirven filed an application to proceed without prepayment of fees and costs under 28 U.S.C. § 1915 on December 5, 2016 (Doc. 2). Plaintiff Loydale Kirven previously has filed three

1

or more civil actions while incarcerated, which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Kirven v. Curry County Detention Center*, No. 06-CV-1212-JB-WDS, Docs. 55, 56 (D.N.M. December 31, 2008); *Kirven v. McIlwain*, No. 07-CV-00958-JB-CEG, Docs. 18, 19 (D.N.M. February 19, 2008); *Kirven v. Romero, et al.*, No. 08-CV-00187-WJ-RLP, Doc. 47 (D.N.M. September 16, 2009). Under the terms of 28 U.S.C. § 1915(g), his prior dismissals prevent him from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *Kirven v. State of New Mexico*, 14-CV-0209-LH-RHS, Doc. 3 (D.N.M. March 7, 2014) (denying Plaintiff's motion for leave to proceed in forma pauperis and ordering Plaintiff to pay the full amount of the filing fee).

## **LOYDALE KIRVEN HAS FAILED TO COMPLY WITH THE COURT'S ORDER AND TO PROSECUTE THIS CASE**

Loydale Kirven's application to proceed (Doc. 2) did not show that he is under imminent danger of serious physical injury. Therefore, on December 22, 2016, the Court entered an Order directing Loydale Kirven to, within thirty days of entry of the Order, either pay the $400 filing fee for this proceeding or show cause why his claims should not be dismissed. (Doc. 4). Plaintiff Loydale Kirven did not pay the filing fee, did not file a response to the Court's Order, and did not otherwise show cause why his claims should not be dismissed.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). More than thirty days has elapsed since the Court entered the December 22, 2016 Order and the Order was mailed to Loydale Kirven at his address of record. Loydale Kirven has failed to comply with the Court's Order and, by not paying the $400 filing fee, has failed to prosecute this action. Pursuant to Fed. R. Civ. P. 41(b) the Court

will dismiss Loydale Kirven's Complaint based on his failure to comply with the Court's December 22, 2016 Order and to prosecute this case.

## THE COURT WILL DISMISS IGNACIA KIRVEN'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider

whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Complaint identifies Ignacia Kirven as a Plaintiff in the caption of the case and in the signature block. (Doc. 1 at 1, 11). The body of the Complaint, however, is devoid of any allegations relating to Ignacia Kirven. Absent even a single factual allegation that Ignacia Kirven is incarcerated or that any official acted in violation of Ignacia Kirven's constitutional rights, the Complaint fails to state a claim on which relief can be granted on behalf of Ignacia Kirven. *Twombly,* 550 U.S. at 570. Therefore, the Court will dismiss Ignacia Kirven's Complaint for failure to state claim for relief under Fed. R. Civ. P. 12(b)(6). The Court will also dismiss without leave to amend on the grounds that, in light of the absence of any factual allegations on her behalf, allowing an opportunity for Ignacia Kirven to amend would be futile. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiffs Loydale Kirven and Ignacia Kirven on December 5, 2016 (Doc. 1) is **DISMISSED** without prejudice for failure to comply with a Court Order, for failure to prosecute, and for failure to state a claim for relief.

_____
UNITED STATES DISTRICT JUDGE